[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO TERMINATE STAY
Defendant has filed an appeal of the court's entry of a judgment of strict foreclosure. Plaintiff has filed a motion to terminate the stay, alleging that the appeal was taken for the purpose of delay and that the due administration of justice required that the stay be terminated. The aforesaid motion was referred by the Appellate Court to the trial court for hearing. CT Page 11058
In the trial of the contested foreclosure, the defendant was represented by Attorney Lambeck. No officer or director of the defendant corporation was present at the trial. In fact, the only witness for the defendant was the father of the president of the corporation and in his capacity of an "advisor" to the corporation, attempted to offer evidence concerning payments on the disputed debt. None of the exhibits offered as evidence of partial payment were admitted due to the inability of the witness to specify which loan was being paid. Although the principal of the mortgage note being foreclosed was in the original amount of $260,000.00, defendant had a total indebtedness with the original plaintiff (New England Savings Bank) in the approximate amount of $1,700,000.00. The so-called advisor was unable to produce any other records regarding any alleged payment on this particular debt. He testified that his son, the president of defendant corporation, was of parts unknown, and further testified that he was unaware of the location of his wife, who was vice-president of the defendant corporation.
Additional testimony indicated that no payments have been made on this debt since 1992 and that no real estate taxes have been paid for approximately five years. The debt, together with accrued interest, exceeded $325,000.00 and the past due real estate taxes were approximately $22,500.00. The appraised value of the subject real estate was $260,000.00, which indicated that defendant has no equity in the property.
Under these circumstances, with no officer or employee of the defendant being present to defend this action, the court inquired of defense counsel in regard to who retained his services to defend this action, and his response was that he was not at liberty to divulge this information to the court. In view of this peculiar response, the lack of any admissible evidence regarding any payment, partial or otherwise, on this particular debt, and the lack of any equity in the real estate, the court can only conclude that this appeal was taken for the purpose of delay, and the due administration of justice requires that the stay be terminated.
Accordingly, plaintiff's Motion to Terminate the Stay is granted.
JOSEPH H. GOLDBERG SENIOR JUDGE CT Page 11059